UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CHANEL HUNTE,

               Plaintiff,

     v.

AMERICAN EXPRESS COMPANY,

               Defendant.

Case No. _____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant American Express National Bank ("American Express"), erroneously sued as American Express Company, hereby removes the action titled *Chanel Hunte v. American Express Company*, Case No. 25CV056170-590, from the Superior Court of Mecklenburg County, North Carolina (the "Action") to the United States District Court for the Western District of North Carolina. The Action may be removed because Plaintiff's claims present a federal question.

    1.   <u>Removal Is Timely</u>. Plaintiff Chanel Hunte ("Plaintiff") served American Express Company with process in this matter on November 17, 2025. American Express has timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings filed in the Action are attached hereto as **Exhibit A**.

2. <u>This Court Has Federal Question Jurisdiction Over the Action</u>. The Action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one that American Express may remove to this Court pursuant to 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Stated differently, claims "arise under" federal law when a "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (quoting *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983)) (internal quotation marks and citations omitted). Plaintiff alleges that American Express violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"), which is a claim arising under the laws of the United States and subject to this Court's removal jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).

3. <u>Supplemental Jurisdiction</u>. Generally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). An exercise by this Court of supplemental jurisdiction over Plaintiff's state law cause of action for alleged violation of the North Carolina Unfair and Deceptive Trade Practices Act,

N.C. Gen. Stat. § 75-1.1, *et seq.*, is warranted because Plaintiff's state law claim is so related to the federal law claim that they form the same case or controversy. (Compl. ¶¶ 6-19.) Here, both Plaintiff's claims under the Fair Credit Reporting Act and her claims under the North Carolina Unfair and Deceptive Trade Practices Act arise from the same alleged case or controversy — that American Express allegedly unlawfully furnished inaccurate information to various credit reporting agencies. *See id.*

4. <u>No Consent Is Necessary</u>. American Express is the only named defendant in the Action. Accordingly, consent of removal is not necessary, and removal is proper, pursuant to 28 U.S.C. § 1446(a) & (b).

5. <u>Venue Is Proper in This Court</u>. This is the proper district court for removal because the Superior Court of Mecklenburg County, North Carolina, is located within the judicial district of the United States District Court for the Western District of North Carolina. *See* 28 U.S.C. § 1441(a).

6. <u>Notice Will Be Effected</u>. Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served on Plaintiff, the only adverse party, simultaneously with this filing. Additionally, a duplicate copy of this Notice of Removal will be filed in the Action in the Superior Court of Mecklenburg County, North Carolina. By filing a Notice of Removal, American Express does not waive any arguments, defenses, affirmative defenses, or rights, all of which are hereby specifically reserved.

Respectfully submitted.

This 17th day of December, 2025.

<u>/s/ Caroline M. Gieser</u>

Caroline M. Gieser
N.C. Bar # 51610
1230 Peachtree Street
Suite 1200
Atlanta, GA 30309
470-867-6013
cgieser@shb.com

***Counsel for American Express National Bank***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date December 17, 2025, the foregoing Notice of Removal and Exhibits were filed via the ECF system and will be subsequently served via U.S. mail on the following:

> Chanel Hunte
> 16043 Long Talon Way
> Charlotte, North Carolina 28278
>
> *Pro Se Plaintiff*

Dated: December 17, 2025                                    */s/ Caroline M. Gieser*