# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:25-CV-00999-KDB-DCK

| | |
|---|---|
| CHANEL HUNTE, <br><br> **Plaintiff,** <br><br> v. <br><br> AMERICAN EXPRESS COMPANY, <br><br> **Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand (Doc. No. 5). The Court has carefully considered this motion, the parties' briefs and the pleadings and other relevant documents. Because Plaintiff's Complaint included a claim under the Fair Credit Reporting Act (FCRA), this action was properly removed, and the Court will **DENY** the motion.

## I.    LEGAL STANDARD

The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Hoschar v. Appalachian Power Co.,* 739 F3d 163, 169 (4th Cir. 2014). A case may only be removed if the federal courts would have had original jurisdiction over any claim. *See* 28 U.S.C. § 1441. And "if federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). When the basis for federal jurisdiction is the presence of a federal question, 28 U.S.C. § 1331 governs. And it is established law that whether federal jurisdiction exists "is generally determined by the 'well-pleaded complaint' rule," *Childers v. Chesapeake & Tel. Co*., 881 F.2d 1259, 1261 (4th Cir. 1989), which provides that "federal jurisdiction exists only when a federal question is presented on the

1

face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Put simply, a federal court has "jurisdiction to hear only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir.2001) (internal quotation marks and citations omitted). However, in any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In cases where a federal district court has original jurisdiction over at least one claim, the court shall also "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Two or more claims (state and federal) form part of the same case or controversy for supplemental jurisdiction purposes where they "derive from a common nucleus of operative fact" and "would ordinarily be expected to [be tried] in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1996). District courts retain "discretion as to whether to remand a case to state court," a decision which "involves consideration of 'principles of economy, fairness, convenience and comity.'" *Hartman v. Univ. of Maryland at Baltimore*, 595 F.App'x 179, 180 (4th Cir. 2014) (quoting *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 357 (1988)). *See Kennedy v. Navy Fed. Credit Union*, No. 3:25-CV-779-KDB-DCK, 2025 WL 3760591, at *1–2 (W.D.N.C. Nov. 24, 2025), *report and recommendation adopted,* No. 3:25-CV-00779-KDB-DCK, 2025 WL 3759012 (W.D.N.C. Dec. 29, 2025).

2

## II.    FACTS AND PROCEDURAL HISTORY

On October 20, 2025, Pro se Plaintiff Chanel Hunte filed her Complaint in the Superior Court of Mecklenburg County, North Carolina, challenging Defendant American Express' ("AMEX") credit reporting. (Doc. No. 1-1.) With respect to federal law, the Complaint alleges that AMEX "has engaged in the furnishing of information to consumer reporting agencies ('CRAs') that in law, have no authority, in violation of 15 U.S.C. § 1681(A)(3)(D)." (*Id*. ¶ 6.) The Complaint alleges also that AMEX "violated 15 U.S.C. § 1681S-2(a)(1)(A), which requires furnishers of information to provide information with maximum possible accuracy." (*Id*. ¶ 7.) Finally, the Complaint alleges AMEX's "conduct also constitutes violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(1)(A), including willful noncompliance under 15 U.S.C. § 1681n." (*Id*. ¶ 18.) The Complaint annexes multiple exhibits that expressly reference the FCRA as well as letters and other statements by Plaintiff alleging that AMEX violated the FCRA. With respect to state law, Plaintiff alleges that AMEX's conduct in violation of the FCRA "constitutes unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1." (*Id*. ¶ 16.)

On December 17, 2025, AMEX timely removed the case to this Court based on federal question jurisdiction under 28 U.S.C. § 1331, and on December 24, 2025, it filed its Answer and Affirmative Defenses to the Complaint. (Doc. Nos. 1, 3.) On February 13, 2025, Plaintiff filed a Motion to Remand, claiming that "removal was improper and federal jurisdiction is lacking." With respect to the allegations of the Complaint related to violations of the FCRA, the Motion asserts that "[r]eferences to federal statutes appear only as background standards of conduct and do not transform the claims into federal causes of action."

The motion has been fully briefed and is ripe for the Court's ruling.

## III.    DISCUSSION

As discussed above, the issue before the Court is whether Plaintiff's "well-pleaded complaint" establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. It plainly does. While Plaintiff urges the Court to find that the many references to the FCRA in the Complaint are only for "background," the Complaint clearly alleges that AMEX both violated the FCRA and that same alleged wrongful conduct constitutes an unfair or deceptive trade practice under North Carolina law. *See* Doc. No. 1-1 at ¶¶ 16, 18. Therefore, the Complaint asserts a violation of federal law and the determination of Plaintiff's state law claim turns on the lawfulness of AMEX's credit reporting under federal law. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 133, and removal was proper. Plaintiff's Motion for Remand must be denied.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1.   Plaintiff's Motion to Remand (Doc. No. 5) is **DENIED;** and

2.   This case shall proceed towards a ruling on the merits on Plaintiff's claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 31, 2026

Kenneth D. Bell
United States District Judge

4