**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:25-CV-00999-KDB-DCK**

**CHANEL HUNTE,**

**Plaintiff,**

**v.**

**AMERICAN EXPRESS COMPANY,**

**Defendant.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendant American Express National Bank's (named as American Express Company and hereafter "American Express") Motion for Judgment on the Pleadings (Doc. No. 20). The Court has carefully considered this motion, the Parties' briefs and exhibits and oral argument on the motion from the Parties' counsel on November 12, 2026. For the reasons discussed at the hearing on this motion, more particularly in Defendant's memoranda of law and summarized below, the Court will **GRANT** the motion.

In reaching this ruling, the Court has considered all the submissions of the Parties, including Plaintiff's Surreply. Plaintiff Chanel Hunte alleges that Defendant American Express furnished inaccurate information concerning her credit account to consumer reporting agencies, resulting in damage to her creditworthiness and the denial of credit. Plaintiff contends that American Express continued reporting the account despite receiving written correspondence disputing the accuracy of the reporting. Defendant moves for Judgment on the Pleadings, arguing that it is entitled to judgment as a matter of law because the Fair Credit Reporting Act ("FCRA")

has not been violated and Plaintiff's claim under the North Carolina Unfair and Deceptive Trade Practices Act is preempted by the FCRA. The Court agrees with Defendant.

To the extent that Plaintiff asserts claims under the FCRA—which she disclaims in her opposition to the Motion—the FCRA does not provide a private right of action under 15 U.S.C. § 1681s-2(a)(1)(A), a statutory subsection that Congress expressly reserved for enforcement by federal and state regulators. Also, there is no claim under 15 U.S.C. § 1681s-2(b) because the Complaint does not allege that a consumer reporting agency notified American Express of any dispute. Finally, the Complaint does not identify any objectively inaccurate or materially misleading information furnished by American Express. Plaintiff's complaint is that American Express lacked authority to furnish information concerning Plaintiff's account absent Plaintiff's consent or other authorization. And that is an incorrect statement of the law under the FCRA.

Plaintiff focuses on her claim under North Carolina's Unfair and Deceptive Trade Practices Act, but that claim is preempted by the FCRA because it concerns subject matter expressly governed by 15 U.S.C. § 1681s-2. Also, there are insufficient factual allegations to support a claim under N.C. Gen. Stat. § 75-1.1.

Therefore, Plaintiff's claims fail as a matter of law and the defects are not curable through amendment. The Court will enter judgment on the pleadings in favor of American Express and dismiss the Complaint with prejudice.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Judgment on the Pleadings (Doc. No.20) is **GRANTED**; and
2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 12, 2026

Kenneth D. Bell
United States District Judge